UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. SAVALA, SR., | 1:13-cv-01632-GSA-PC |
| Plaintiff, | ORDER DENYING CHANGE OF ADDRESS TO STREET ADDRESS (Doc. 6.) |
| vs. | |
| MARGARET MIMS, et al., | ORDER FOR PLAINTIFF TO FILE NOTICE OF CHANGE OF ADDRESS WITHIN THIRTY DAYS |
| Defendants. | |
| | ORDER DIRECTING CLERK TO MAIL CHANGE OF ADDRESS FORM AND COPY OF THIS ORDER TO PLAINTIFF AT TWO ADDRESSES |

**I.      BACKGROUND**

Richard J. Savala, Sr. ("Plaintiff") is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on October 10, 2013.  (Doc. 1.)

On October 21, 2013, Plaintiff filed a notice requesting the court to change his address of record to:  In care of Kenneth L. Savala, 7092 N. Farris Ave., Pinedale, CA 93650.  (Doc. 6.)

///

///

///

1

## II. CHANGE OF ADDRESS TO ADDRESS OTHER THAN PRO SE LITIGANT'S ACTUAL ADDRESS

In the event that Plaintiff intends to retain his in propria persona status and continue representing himself, he may not change his address of record at the court to someone else's address. There is no Federal Rule of Civil Procedure or Local Rule allowing service of court and other legal documents at an address other than a pro se litigant's actual address. Local Rule 131, Local Rule 182(f), and Local Rule 183(b) require pro se litigants to inform the court of their addresses and to keep the court informed of any change in their addresses. There is no authority for the proposition that a pro se litigant can simply request the court to serve him at a different address.

There may be special circumstances in which the court could serve a pro se litigant at a separate address. However, no such special circumstances are apparent here. Moreover, service at a location other than Plaintiff's place of residence can pose significant problems with ensuring that Plaintiff receives all court documentation, meets court deadlines and prepares and signs all of his own legal documentation as a party proceeding in pro se.

The court's current address of record for Plaintiff is: Fresno County Jail, P.O. Box 872, 1225 M Street, Fresno, CA 93712. (Court Record.) There is no evidence that Plaintiff was released from custody of the Fresno County Jail.

The Clerk of Court shall be directed to send Plaintiff a change-of-address form. Plaintiff is required to complete and return the form to the court within thirty days, notifying the court of his address of actual residence. Plaintiff is cautioned that pro se litigants are required to notify the Clerk and all other parties of any change of address, and absent such notice, service of documents at the prior address of the party shall be fully effective. See Local Rule 182(f). Moreover, Plaintiff's failure to comply with an order or any Local Rule may be grounds for dismissal of the entire action. See Local Rule 110.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request to change his address of record at the court to a street address, in care of another individual, is DENIED;

2. The Clerk is DIRECTED to mail a copy of this order and a change-of-address form to Plaintiff at both of the following addresses:

    (1) Richard J. Savala, Sr.
         1838386
         Fresno County Jail
         P.O. Box 872
         1225 M Street
         Fresno, CA  93712

    (2) Richard J. Savala, Sr.
         In care of Kenneth L. Savala
         7092 N. Farris Ave.
         Pinedale, CA 93650

3. Within thirty days of the date of service of this order, Plaintiff is required to file a notice of change of address, notifying the court of his address of actual residence; and

4. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated: **October 24, 2013**     **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE