UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. SAVALA,<br><br>          Plaintiff,<br><br>     vs.<br><br>MARGARET MIMS, et al.,<br><br>          Defendants. | 1:13-cv-01632-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(Doc. 13.)<br><br>ORDER FOR CLERK TO UPDATE PLAINTIFF'S ADDRESS AND SEND HIM A HABEAS PETITION FORM |

**I.     RELEVANT PROCEDURAL HISTORY**

Richard J. Savala, Sr. ("Plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 10, 2013. (Doc. 1.) On October 18, 2013, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On April 14, 2014, the court issued an order dismissing this case, with prejudice, for failure to state a claim, and entered judgment. (Docs. 11, 12.) On May 15, 2014, Plaintiff filed a motion titled "Motion to Suppress," which the court construes as a motion for reconsideration of the court's order dismissing this action. (Doc. 13.)

## II.   MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

### A.   Plaintiff's Motion

Plaintiff requests reconsideration of the court's order of April 14, 2014, arguing that he was homeless between October 28, 2013 and March 7, 2014, at which time he was re-arrested

and taken into in custody at the Fresno County Jail.  Plaintiff argues that his lawsuit "must fall under the Paper Rule set forth by the U.S. Courts." (Motion at 1.)  Plaintiff also argues that since fewer than thirty days elapsed between the date of court's order and the date of his re-arrest, he should be allowed a thirty-day grace period.  Plaintiff also requests legal paper and a habeas petition form from the Clerk of Court.

### B.     Background

On March 7, 2014, the court issued an order in this action dismissing Plaintiff's Complaint for failure to state a claim, with leave to file an amended complaint within thirty days. (Doc. 10.)  Plaintiff failed to file an amended complaint or otherwise respond to the court's order within the thirty-day deadline. (Court Record.)  On April 14, 2014, the court issued an order dismissing this action, with prejudice, for failure to state a claim.  (Doc. 11.)  The court's order held that "[b]ecause Plaintiff has not filed an amended complaint, the Court dismisses the claims made in the original complaint with prejudice for failure to state a federal claim upon which the court could grant relief.  See Noll v. Carlson, 809 F. 2d 1446, 1448  (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim)."  (Doc. 11 at 1-2.)

### C.     Discussion

Plaintiff's arguments are unpersuasive.  Plaintiff's homelessness alone does not excuse him from responding to court orders.[1]  The court is unaware of the "Paper Rule" referred to by Plaintiff, and Plaintiff cites no authority supporting the assertion that he should be allowed a thirty-day grace period because fewer than thirty days elapsed between the date of the order to dismiss and the date of his re-arrest.  Therefore, Plaintiff's motion for reconsideration shall be

---

[1] Nor does Plaintiff's homelessness excuse him from providing the court with an address where he can receive mail.  Local Rules 182(f) and 183(b) require pro se litigants to inform the court of their addresses and to keep the court informed of any change in their addresses. Plaintiff was informed of these rules in the court's informational order of October 11, 2013, and forewarned that his case would be dismissed if he failed to update his address. (Doc. 3 at 5 ¶VIII.)  Plaintiff was also notified that documents served at his address of record would be deemed received even if not actually received.  (Id.)

denied. However, Plaintiff's request to be provided with a habeas petition form shall be granted.

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on May 15, 2014, is DENIED; and

2. The Clerk is directed to:

    (1) Update Plaintiff's address to:

    > Richard J. Savala
    > TD# 1838386, BK# 1420007
    > Fresno County Jail
    > P.O. Box 872
    > Fresno, CA  93712-0872

    and

    (2) Send Plaintiff a form petition for writ of habeas corpus.

IT IS SO ORDERED.

Dated:   **May 16, 2014**             **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE